TANYA M. PARRIS, Sr. USPO

# United States District Court

### for the

## Eastern District of New York

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Anthony Wright**

Case Number **02-CR-217**

Name of Sentencing Judicial Officer: **Allyne R. Ross, U.S. District Court Judge**

Date of Original Sentence: **September 12, 2003**

Original Offense: **Conspiracy to Distribute Cocaine, 21 U.S.C. § 841(b)(1)(c), a Class felony**

Original Sentence: **Twenty-one months custody, three years supervised release, a $100 special assessment fee, and the following special conditions: 1)the defendant shall participate in substance abuse treatment with a treatment provider selected by the probation department; treatment may include outpatient or residential treatment as determined by the probation department; the defendant shall abstain from all illegal substances and/or alcohol; the defendant shall contribute to the cost of services rendered via co-payment or full payment in an amount to be determined by the probation department, based upon the defendant's ability to pay and/or the availability or third party payment. 2)The defendant shall submit his person, residence, place or business, vehicle or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found; the search must also be conducted in a reasonable manner and at a reasonable time; failure to submit to a search my be grounds for revocation; the defendant shall inform any other residents that the premises my be subject to search pursuant to this condition.**

Type of Supervision: **Supervised Release**

Date Supervision Commenced: **November 11, 2003**

=================================================================================

## PETITIONING THE COURT

☐   To extend the term of supervision for years, for a total term of years.

☒   To modify the conditions of supervision as follows:

The offender shall comply with the conditions of curfew via electronic monitoring as directed by the Probation Department for a period of **60** days. The defendant, will remain at his/her place of residence from 11:00 p.m. to 7:00 a.m.. The Probation Department may designate another eight hour time period, if the defendant's employment, education, or observance of religious services preclude the above specified times. The curfew via electronic monitoring shall commence on a date approved by the Probation Department. While serving the period of curfew via electronic monitoring, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for the curfew via electronic monitoring by the Probation Department and the Administrative Office of U.S. Courts. In addition, the defendant shall pay all costs, including the price of the electronic monitoring equipment. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay.

## CAUSE

The purpose of this correspondence is to address the offender's illicit drug use.

The offender had previously completed substance abuse treatment on April 22, 2004, however, after the submission of a positive urine specimen for cocaine on August 3, 2005, he was re- referred to Samaritan Village outpatient substance abuse treatment program on September 9, 2005. Subsequently, on January 9, 2006, and May 20, 2006, the offender submitted urine specimens to the substance abuse treatment program which tested and confirmed positive for cocaine. We have since increased the offender's treatment.

Upon a finding the offender illegally used a controlled substance during supervision, the Court must revoke the term of supervised release and impose a term of incarceration not exceeding that noted in 18 U.S.C. § 3583(e)(3); U.S. v. Wirth, 250 F.3d 165 (2d Cir. 2001). The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants reprieve form mandatory revocation. 18 U.S.C. § 3583(d).

The offender currently resides at 33-23 96th Street, Corona, New York, and he is employed as a cook at Redd Light Fish & Chips restaurant in East Elmhurst, New York. According to his employer, the offender is a valued employee, and is relied upon to carry out the day to day functions of the business.

We respectfully recommend that the offender be placed on a 60 day curfew via electronic monitoring. This intermediate sanction would allow for increased monitoring of the offender's whereabouts which could serve as a preventive measure for engaging in illicit drug use. Further, this would allow the offender to maintain his employment and place of residence while continuing to attend substance abuse treatment at Samaritan Village.

The offender voluntarily signed the attached Probation Form 49, Waiver of Hearing to Modify the Conditions.

Respectfully submitted by,

Tanya M. Parris
Sr. U.S. Probation Officer

Approved by,

Andrew S. Bobbe
Sr. Deputy Chief U.S. Probation Officer
Date: 7/12/06

THE COURT ORDERS:

☑ The Modification of Conditions as Noted Above

☐ Other

Allyne R. Ross

Signature of Judicial Officer

7/14/06

Date